BARNS, PAUL D., Justice (Retired).
Petitioner here was a claimant against rthe respondent Builders Aluminum Stone Co. before the Florida Industrial Commission. The Full Commission reversed an .award to the claimant by the Deputy Commissioner whereupon claimant-petitioner ■seeks review by certiorari; we find error and quash the order of the Commission. ■
The only evidence presented was the testimony of claimant. Claimant was em■ployed as a salesman by his employer, Builders Aluminum Stone Co. Claimant lived in Miami and'had been in Jacksonville on his employer’s business for about •one week prior to his accident. Mr. Cowan .-and Mr. Stern, the owners and officers of the corporation, had also been in Jacksonville on business during this time.
Claimant intended to fly back to Miami the evening of November 8, 1962. However, prospective customers were contacted that evening, resulting in the consummation •of a sale and the flight to Miami was missed. Mr. Stern, an officer of the corporation was anxious to return to Miami that evening. The Deputy Commissioner found that the claimant suffered an accident and injury arising out of and in the •course of his employment and based his award upon claimant’s testimony which he recapitulated as follows:
“Claimant testified that he had no particular territory to cover; that he worked •all over the state; that about the time of the alleged accident he was working namely in the Duval, Volusia, Brevard, Counties ■area; that the principal office of the employer was in Jacksonville, Florida; that claimant had been in Jacksonville working the week of the alleged accident and was intending to fly to Miami to see his family over the weekend and to return to the Vo-lusia County area on Monday.
“Claimant testified that he had a car in Miami and one in Jacksonville; that due to his consumating a sale the evening prior to the accident, he was late in returning to the Jacksonville office and claimant, as well as Mr. Sidney Stern and Mr. Marvin Co-wan, missed the flight to Miami, Florida; that Mr. Stern, principal officer of'the employer corporation, was anxious-to get to Miami and decided that he, Mr. Cowan, and the claimant would drive to Miami in Mr. Cowan’s car. Mr. Cowan, to the claimant’s knowledge, was also an officer of the employer corporation; that about 1:30 A.M. on November 9, 1962,. claimant was driving Mr. Cowan’s automobile, pursuant to Mr. Stern’s instructions; that Mr. Stern and Mr. Cowan were passengers in the car, but, on the way to Miami, south of Edgewater, Florida, the car skidded in heavy rain, resulting in an accident in which the claimant was injured. Claimant testified that he had no regular hours with the employer but was subject to call by Mr. Stern or Mr. Cowan at any time.
“On cross examination, the claimant admitted he was going home to Miami and was not going to see any prospects on the way. However, he testified that the driving of Mr. Cowan’s car to Miami, by claimant, was at the suggestion of Mr. Stern; that the gas was paid for by Mr. Stern, and that the automobile belonged to Mr. Cowan.
“The carrier called no witnesses.”
It appears that the claimant was injured while on a trip from Jacksonville to Miami while serving a personal purpose and a business purpose of his employer; a dual and concurrent purpose. Under such circumstances, the claimant is within the scope of the Workmen’s Compensation Law as stated in Cook v. Highway Casualty Company, Fla.1955, 82 So.2d 679:
“We are persuaded that the decisions of those courts which do not require the Commission to weigh the business and personal motives and determine which is the dominant or compelling cause of the *28 trip, are more consistent with, the remedial purposes of our workmen’s compensation act than is the more stringent rule of Marks’ Dependents v. Gray, supra; and we agree with the Mississippi court that ‘ “no nice inquiry” will be made to determine the relative importance’ of a concurrent business and personal motive. Brookhaven Steam Laundry v. Watts, supra. So long as the business purpose is ‘at least a concurrent cause of the trip’, Barragar v. Industrial Commission, supra, the employer may be held liable for workmen’s compensation.”
Unless clearly erroneous, the finding of facts by the Deputy Commissioner is binding on the Commission. United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741. In this instance, the Commission erroneously failed to abide by the findings of the Deputy.
The petition for certiorari is granted and the Commission’s order of dismissal is quashed.
THORNAL, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.