THOMAS, Justice.
The claimant, Earl L. Maroney, worked for the respondents, Edward A. Kelly and Sons, Inc., wholesale produce dealers, and while in that employ was entrusted with the employer’s truck for use in transporting him between his home and his job.
On the day of the injury, with which we are now concerned, he was instructed to deliver a load of produce to the Yorkshire Restaurant situated in a southerly direction from the place of employer’s business. He took with -him a fellow employee, one John Mims. After the mission was performed the claimant and his companion Mims travelled to the latter’s apartment where they engaged in drinking beer for about two hours. The direction to the house of Mims was not towards the employer’s plant and not towards claimant’s home, which would have been his normal course as it was then near the end of the work day. During the visit with Mims, the claimant recalled that he had neglected to get from the restaurant the employer’s copy of the invoice of the goods delivered so he started to retrace his steps for the purpose of recovering it, and took Mims along entertaining the thought, so he testified, of returning Mims to his apartment then returning to his home.
About three, blocks before the claimant reached the restaurant where he was to retrieve the invoice, he was involved in an accident and suffered injury. The deputy held that the claimant had deviated from his employment and had not completed his personal trip or resumed the course he would pursue as an employee so he denied the claim. The Full Commission placed its imprimatur on the decision.
We think Florida is aligned with a majority of the courts in the application of the .rule that an employee who deviates from his employment to engage in a personal errand is not entitled to compensation for damages sustained in an accident occurring before he returns to the course he was pursuing in the interest of his employer. Fidelity and Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495. The Full Commission affirmed the deputy on authority of United States Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741, as well they might because the facts *210 do not seem to have been seriously in dispute.
Obviously, to us, the claimant was far from his normal course in his social visit with Mims and as obviously he was still off the track when he met misfortune.
We reiterate the ruling in Moore pronounced 26 years ago and, therefore, do not hesitate to approve the action of the deputy and the Full Commission in rejecting the claim.
THORNAL, C. J., DREW and CALDWELL, JJ., and McCORD, Circuit Judge, concur.