CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiff fell and broke his hip while a customer at the gasoline service station operated by the defendant, James Lavergne. From an adverse judgment, plaintiff appealed.
The substantial issue is factual. Plaintiff contends he tripped over a “bell hose”, which, he avers, constituted an unreasonable hazard to business invitees on the premises. Defendant asserts plaintiff did not trip over the bell hose but, instead, tripped and fell over the concrete “island” on which the gasoline pumps are located.
The gasoline service station in question is located on Napoleon Avenue, which runs generally east and west in Sunset, Louisiana. Between the street and the station office is a concrete apron for vehicular use. On this apron is a concrete island, measuring approximately 1 foot in height, 30 inches in width and the length of an automobile. On the east end of the island is located a pump for premium gasoline and on the west end a pump for regular gasoline. The island is so situated that it can service automobiles on both the north and south sides.
A bell hose, made of rubber approximately of an inch in diameter, extends from the front of the station office across the center of the island in such a manner that vehicles passing on either side will ring the bell for the attendant. This hose is not permanently attached to the apron or the island. It is simply laid across the island and allowed to hang loose at an angle down to the apron on either side. Each night the hose is rolled up and placed in *97 the station office. Plaintiff contends the hose constitutes an unreasonable hazard for customers whose feet could be caught under the hose where it hangs down loose from the island.
At about 5:00 p. m. on November 5, 1966, plaintiff and his wife drove into the gasoline station and stopped their Cadillac automobile, headed west, parallel to and 2 or 3 feet from the south side of the island. Plaintiff, who was then 82 years of age, was a passenger on the front seat and his wife was driving.
The station attendant filled their tank with premium gasoline from the pump on the east end of the island. Then, plaintiff asked the attendant to check the air in his right rear tire. Plaintiff opened the right front door and got out to see that the tire was properly checked. In doing so, he fell backwards over the island, striking the back of his head on the concrete apron and breaking his hip.
Plaintiff’s version of the accident is that he got out of the car backwards and, because of the narrow space between the automobile and the island, stepped sideways, still facing the automobile, until his left foot struck something which caused him to fall backwards over the island. Plaintiff did not look down and does not know what his foot struck but he stated positively he did not trip over the island.
Defendant’s version of the accident is that plaintiff got out of the car backwards and simply fell back over the island without ever coming in contact with the bell hose. The station attendant, Edward Etienne, testified that plaintiff tripped and fell near the regular gasoline pump on the west end of the island where it would have been impossible for him to trip over the bell hose which was in the center of the island. Another eyewitness, Lester Thomas, testified plaintiff backed out of the car and fell backward across the island. He saw nothing over which plaintiff could have tripped and said he thought “Mr. Leo had a spell.”
Strongly corroborating defendant’s version of the facts is the testimony of Mrs. Estelle B. Boudreaux, a registered nurse, who was passing the station and stopped to give aid to the injured plaintiff. She said that while waiting for the ambulance she talked to plaintiff as follows:
“Q. And after that, did you say anything ?
“A. Yes, I did. I wanted to keep him talking because I didn’t know how much injury his head had, you see? And I continued to speak to him and I said, ‘Mr. Leo, how did this happen?’ Well, he said, the very words he told me, he said, ‘Well, Jeanne drove a little bit too close to his island,’ or the cement piece is how he stated it, and he said, T went to get out to see because my back tire was going flat and I got out of the car and I was tripped on the cement piece’ is what he told me.
“Q. What did he say he had tripped on, Ma’am ?
“A. He said the cement piece, but it’s the island because that’s the only cement piece that was there.”
The trial judge who saw and heard the witnesses concluded plaintiff had failed to sustain his burden of proving that the bell hose was the cause of the fall. We find no manifest error in this conclusion.
There is no question as to the applicable law. The owner or occupier of business premises is not an insurer of the safety of his customers. His duty is to exercise reasonable care for their safety. However, the duty of reasonable care is a full one, extending to every hazard which creates an unreasonable risk of foreseeable harm to business invitees. Consideration is given to the nature of the premises and the business purpose for which it is used. Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So. 562; Pilie v. National *98 Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963); Alexander v. General Accident Fire & Life Assurance Corporation, La.App., 98 So.2d 730; Pros-ser, Law of Torts, 3d, 401-405.
Even assuming for the sake of argument that the bell hose did constitute an unreasonable hazard, we find no manifest error in the trial judge’s conclusion that the bell hose was not the cause of the accident. Plaintiff makes no contention that the island constituted a negligent hazard.
On appeal, plaintiff argues that although he cannot testify with certainty that his foot struck the bell hose, circumstantial evidence exludes every other reasonable hypothesis. We do not agree. As stated above, there is ample evidence, which the trial judge could have believed, to show that plaintiff tripped over the island and not the bell hose.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff appellant.
Affirmed.