227 So.2d 486 (1969)
Gerald W. KRAUSE, Petitioner,
v.
WEST LUMBER COMPANY, Universal Underwriters Insurance Company and the Florida Industrial Commission, Respondents.
No. 38372.
Supreme Court of Florida.
October 29, 1969.
Richard H. Reynolds and Lally, Miller & Hodges, Miami, for petitioner.
Anthony Reinert, of Dean, Adams, George & Wood, Miami, for respondents.
DREW Justice:
Petitioner, a workmen's compensation claimant, seeks review of a Florida Industrial Commission Order reversing the Judge of Industrial Claims, who determined *487 that the accident causing claimant's injury arose out of and in the course of claimant's employment.
Claimant was a salesman employed on an hourly and commission basis. On the day of the accident the employer scheduled a sales meeting in the store for the closing hour of 5:30 p.m. Claimant advised his supervisor that he did not have his car with him at work. The supervisor authorized claimant to call his wife and request her to pick him up, that he might take his wife home and return to the sales meeting with the family car. Testimony of claimant and his supervisor differ as to whether the supervisor suggested this procedure, or whether claimant suggested such a course of action that was merely concurred in by the supervisor.
Claimant was picked up at work shortly after five o'clock by his wife. He took his wife and children directly home and was returning to the sales meeting when the accident occurred at about 5:25 p.m. Following past practices, claimant did not sign out and his pay was not docked for the time spent away from work. Salesmen were not compensated for time spent at sales meetings, although all were expected to attend.
The Judge of Industrial Claims, in arriving at his conclusion that the accident arose out of and in the course of claimant's employment, made the following findings: (a) at the time of the automobile accident claimant was following orders of his employer, who had authorized him to obtain his car so that he would have transportation home after the sales meeting; (b) at the time of the accident claimant was on a route he would not normally have been on except for his expected attendance at the sales meeting; (c) during this trip the employee was being paid; (d) the trip was for business purposes and would not have been made except for the calling of the sales meeting; (e) at the time of the accident claimant was under the implied control of the employer.
The above findings of the Judge of the Industrial Claims are clearly supported by competent substantial evidence in the record. Again we must reiterate our often repeated rule that under such circumstances these findings cannot be disturbed by either the Full Commission or this Court.[1]
The Full Commission has simply made findings of fact contrary in every respect to those of the Judge of Industrial Claims. The Commission found that at the time of the accident claimant was on a purely personal mission that had no connection with his employment, that the mission neither flowed from nor was incidental to his employment, and that it was for the convenience of claimant and his wife. The Full Commission relied upon the cases of Fidelity & Casualty Co. of New York v. Moore,[2] and N. & L. Auto Parts v. Doman.[3] These decisions are readily distinguishable from the case sub judice.
Claimant in Fidelity & Casualty Co. of New York v. Moore, supra, was an officer and employee of a company offering 24-hour service. On the evening of the accident claimant, who was subject to call at any time, left his place of business in his personal car to take his wife home. He immediately began the return trip to the office and was killed while in route. This Court held that claimant "was on a mission purely personal to himself and wife and had no connection whatever with his employment; it did not flow from nor was it in any way incident to his employment."[4] Claimant was not acting pursuant *488 to any instruction or authority of a company supervisor or superior. His trip home was taken on his own initiative and was not expressly authorized by the employer. In no way could the employee have been considered under the orders or control of the employer. The Court correctly found the mission a purely personal one.
In N. & L. Auto Parts v. Doman, supra, a route salesman was on an out of town business trip in behalf of his employer at the time of his injury. After completing his calls for the day, claimant and a fellow employee left the motel at which they were staying to see a movie and eat a late snack. Claimant fell and broke his leg on the motel lawn while returning from the evening's activities. The district court upheld the deputy's finding that claimant was injured while acting in the course of his employment, stating that once he had returned to the motel claimant's purely private mission had ended and he was again properly in the course of his employment.
Claimant in the case before us was returning to attend a sales meeting called by the employer for the employer's benefit. The fact that claimant's personal convenience was being served, as well as the interests of the employer, does not preclude recovery. An employee whose activities are serving a personal and business purpose is within the scope of the Workmen's Compensation Act.[5]
The Order of the Full Commission is hereby quashed, with directions to reinstate the Compensation Order of the Judge of Industrial Claims.
It is so ordered.
ERVIN, C.J., and ROBERTS and ADKINS, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Painter v. Board of Public Instruction of Dade County, 223 So.2d 33 (Fla. 1969), and cases cited therein.
[2] Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 105, 196 So. 495 (1940).
[3] N. & L. Auto Parts v. Doman, 111 So.2d 270 (1st Dist.Ct.App.Fla. 1959).
[4] Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940).
[5] Levine v. Builders Aluminum Stone Co., 186 So.2d 26 (Fla. 1966).