SAVOY, Judge.
This is an action in tort filed by plaintiff against defendants, Continental Insurance Company, insurer of S. S. Kresge Corporation, and S. S. Kresge Corporation, operator of a K-Mart store in the City of Alexandria, Louisiana.
For a cause of action plaintiff alleged that on December 8, 1969, while a patron of said K-Mart, she tripped and sustained severe injuries when she fell over some Christmas trees which were stacked obstructing the sidewalk in front of the K-Mart store; that said store and its employees were negligent in: (a) creating a dangerous obstruction on the sidewalk presenting a hazard to its patrons; (b) failing to keep the sidewalk in a safe condition; and (c) failing to warn the store patrons of the dangerous condition.
Defendants answered alleging that the Christmas trees were in place in full view of the public for their inspection, and that a portion of the sidewalk had to be used for display and outside storage. Defendants denied any negligence on the part of K-Mart or its employees, and stated that if there was negligence on the part of K-Mart, plaintiff was contributorily negligent in failing to observe said trees and stumbling over the stacks of Christmas trees which were in plain view of the public.
After a trial on the merits the district judge rendered judgment in favor of defendant. Plaintiff has appealed.
The record reveals that plaintiff is approximately 70 years of age and weighs in *85 excess of 200 pounds. On the morning of the date of the accident she had taken a City bus, and she and Birdie Bias got off the bus near the K-Mart store in Alexandria for the purpose of shopping at said store. There is a large parking area adjoining the store and also a sidewalk adjoining the parking area. Said sidewalk is wide and is the length of the store premises. There are several departments in the K-Mart store with an entrance to each department. K-Mart had stored some Christmas trees on a portion of the sidewalk.
Plaintiff and Mrs. Bias had two options in reaching the part of the premises where they wanted to shop — they could either go to the store entrances by way of the parking lot; or they could walk on the sidewalk proper. This is the route they chose. Plaintiff and Mrs. Bias were walking together on the sidewalk when plaintiff fell. Plaintiff contended that the reason she fell was because she tripped on some material used to keep the trees together.
The record reveals that there was sufficient space between the trees on the sidewalk for at least two persons to pass. Mrs. Bias testified that there was approximately three feet of space between the trees.
The evidence reflects also that plaintiff and Mrs. Bias were engaged in conversation at the time of the accident, and the parties were not paying any particular attention to the sidewalk condition at the time. Plaintiff was only carrying her purse when the accident occurred.
Mr. Brawner, store manager, and Mr. Sias, an employee, testified that in the vicinity of the accident the sidewalk was used for storage purposes, and further toward the main store the Christmas trees were on display; that prospective customers would remove the trees from their plastic covering or netting for examination; that the sidewalk was checked at intervals during the day and cleaned up on said occasions.
The trial court made the following observations in denying recovery to plaintiff, namely:
“This is not a case in which a customer is shopping and her attention is distracted by the merchandise displayed on the shelves, etc. The plaintiff here fell in an area which was not a shopping area, but rather one where the trees were stacked for storage and pick-up by customers who drove their automobiles to that point for that purpose. This Court feels that it goes without saying that a customer cannot recover damages for injuries sustained as a result of his own want of reasonable care and observation. Furthermore, the owner of a business establishment has no duty to warn his customers or prospective customers of ' a potentially dangerous condition which is obvious to a reasonably prudent person. * * *.
“ * * * In the mind of this Court, this is simply a case where an unfortunate accident occurred which could have been avoided by the injured person looking where and as she was going. (See Boutle [Boutte] v. American Motorist Insurance Company, [La.App.] 176 So.2d 833 (3rd. Cir.)).
“The Court does not find any negligence on the part of the K-Mart store employees and judgment will be rendered for the defendants. The Court comes to this conclusion after a full consideration of the facts and legal principles enunciated in the cases of: Miller v. New Amsterdam Casualty Co., [La.App.] 164 So.2d 676, and cases discussed therein; Anderson v. City of Port Allen, [La.App.] 220 So.2d 131 (1st. Cir.) ; Frederic v. Winn-Dixie Louisiana, Inc., [La.App.] 227 So.2d 487 [387] (4th. Cir.) (writ refused October 1, 1969); Guilbeau v. Royal Indemnity Co., [La. App.] 224 So.2d 96 (3rd. Cir.); Kuhn v. *86 Oulliber, [La.App.] 225 So.2d 317 (4th. Cir.); Broussard v. National Food Stores of Louisiana, Inc., [La.App.] 233 So.2d 599; 27 La.L.Rev. 796 at 807 (‘Defenses II’); Lofton v. Travelers Insurance Co., [La.App.] 208 So.2d 739.”
We fully agree with the above reasons assigned by the trial judge in denying recovery in the instant case.
Plaintiff failed to prove that she tripped on the plastic netting. The store employees denied finding any netting hereby. Plaintiff did not allege that she tripped on netting.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.