297 So.2d 553 (1974)
Charles E. TAYLOR, Petitioner,
v.
DIXIE PLYWOOD COMPANY OF MIAMI, INC., and the Industrial Relations Commission, Respondents.
No. 44644.
Supreme Court of Florida.
June 12, 1974.
Rehearing Denied August 9, 1974.
Israel Abrams, Miami, for petitioner.
R.E. Hodges of Miller & Hodges, Coral Gables, for respondents.
ERVIN, Justice.
This is a certiorari review of a compensation order of a Judge of Industrial Claims, upheld by the Industrial Relations Commission, denying compensation to claimant Charles C. Taylor. The facts appear to be as follows:
Claimant suffered injuries resulting from two separate accidents occurring on the same day. The first accident (stipulated to be compensable) occurred when claimant was making a delivery for respondent and some plywood fell against him causing injuries to his back and leg. The second accident (controverted on the basis of deviation) was an automobile collision occurring on the way to a doctor's office and resulting in the loss of claimant's right eye. Claim was filed for permanent partial disability of the back resulting from the plywood accident, and permanent partial disability, medical expenses, and attorney's *554 fees for loss of the eye resulting from the automobile accident.
The JIC found claimant's injuries arising out of the plywood accident compensable, but denied the claim for the automobile accident on the ground that while the trip to the doctor was authorized by respondent, claimant deviated from that purpose when the accident occurred. On review the Commission remanded to the JIC for further findings of fact concerning the deviation, and this Court denied certiorari at 276 So.2d 487 (Fla. 1973).
On remand the Judge found in pertinent part as follows:
"2. Claimant was involved in a motor vehicle accident on February 18, 1971, as more specifically shown by claimant's exhibit # 2 and carrier's exhibit # 1, and as a result of said accident sustained total loss of the right eye. Based on the evidence presented, however, and resolving conflicts, I find that claimant left the employer's warehouse with specific instructions to report to the offices of Dr. Rentz, located at 3435 NW 17th Avenue. Claimant did not go to the doctor's office but instead clearly deviated, went to his home and, having gone home, was involved in the motor vehicle accident in question immediately after leaving his house. Thus, the claimant, if he in fact intended to go to the office of Dr. Rentz, deviated from this trip and was involved in the motor vehicle accident in question while engaged in such deviation and, therefore, the motor vehicle accident and resulting injury did not arise out of nor occur in the course of claimant's employment with the employer herein.
"3. In making this finding of deviation, the undersigned Judge of Industrial Claims has considered the testimony of the claimant in his deposition to the effect that he was confused and lost, but based on the testimony of William R. Rayfield and Joseph A. Morris, I find that at the time claimant reported back to the warehouse following his initial or first injury and before leaving to go to Dr. Rentz's office, he was not confused or upset and his only visible injury or complaints concerned superficial injuries to his leg. I further find that claimant was an experienced truck driver, well acquainted with addresses in the greater Miami area, especially the northwest section; was told by his employer to go directly to Dr. Rentz's office and given the address; and further that he knew the location of Dr. Rentz's office. Probably the most convincing evidence of the fact that claimant was not confused nor lost was his ability on deposition and at hearing to specifically and concisely track his route from the moment he left the employer's office until the moment of his motor vehicle accident, specifying in detail the direction in which his car was headed, when he turned left or right, and whether he was going east, north or south at every specific point in his journey. It is also obvious that the route from the employer's business to the doctor's office was a well known thoroughfare in the northwest section with which the claimant was familiar, all as shown by claimant's exhibit # 2. The route to the doctor's office was quite simple. Straight east from the employer's premises on the main thoroughfare of Northwest 54th Street to one of the principal north-south thoroughfares, Northwest 17th Avenue, and turn right or south directly to the doctor's office. The claimant, however, did not go to 17th Avenue and, in fact, did not turn south off of 54th Street, but instead turned north (the opposite direction) to go to his home and when he left 54th Street in a northerly direction, he deviated from his trip to the doctor and from his employment purposes and was injured while in the course of such deviation. This deviation would not have concluded until claimant had again returned at least as far south as Northwest 54th Street. As the law is stated in the case of Maroney v. Edward A. Kelly & *555 Sons, Inc., (Fla. 1967) 195 So.2d 208, it would not affect the compensability of the claim at hand whether claimant had, in fact, reached his home and departed therefrom or was still enroute to his home at the time of the accident. The evidence on this point is such as to make the precise determination somewhat speculative, but the quality of the evidence would not be improved by further hearings and, therefore, pursuant to the directions of the Industrial Relations Commission, it is found that, at the time of the accident, the claimant had already visited his home and was traveling in a direction away from his home. This finding of fact is based on the direction of the automobile at the time of the collision, as determined from the accident report introduced into evidence as carrier's exhibit # 1. Therefore, resolving conflicts, I find that the claimant's deviation was conscious, intentional, and not the result of confusion."
On review a second time, the Commission affirmed and this Court granted certiorari.
Claimant raises several points for our review; however, we believe that a correct decision of the case only requires consideration of the following:
(1) Whether the JIC erred in finding, as a matter of law, upon authority of Maroney v. Edward A. Kelly & Sons, Inc., supra, that it would not affect the compensability of the claim at hand whether claimant had, in fact, reached his home and departed therefrom or was still en route to his home at the time of the automobile accident.
(2) After having found that claimant deviated from the course and scope of his employment by going home and thereafter left home en route to the office of Dr. Rentz and was involved in an automobile accident, whether the JIC erred in finding, as a matter of law, that the claimant's deviation would not have ended until he had again returned at least as far south as Northwest 54th Street.
(3) Whether the JIC erred in failing to tax against the employer-carrier claimant's contribution to costs of the record.
Accepting as factually true the findings of the JIC, it is our conclusion that as a matter of law they do not render noncompensable the claim for the loss of claimant's eye.
The broad view we take of this case is that the deviation, if any, was insubstantial under the circumstances. Even though the injured claimant went by his home before proceeding to the doctor's office, the same did not in the instant circumstances amount to a legal deviation warranting disallowance of compensation. Technical excuses for denying workmen's compensation are not favored by the law. The material facts are that upon injury the claimant had been directed to go to the doctor's office for examination and treatment of his leg. Compliance therewith was an activity within the scope of his employment. See 1 Larson, Workmen's Compensation, Sec. 13.13. It is uncontradicted that when he suffered the automobile accident resulting in loss of his eye claimant was on the way to the doctor's office.
That claimant was a few blocks off the most direct route to the doctor's office is immaterial in these circumstances. Presumably an injured employee with good reason could go to his nearby home before going to a doctor's office, if for no other purpose than to let his wife know that it was necessary for him to see a doctor. Of course, if claimant had been shown to have deviated from the direct route to the doctor's office for some irrelevant, extraneous purpose  perhaps personal pleasure or personal business, e.g., to visit a bar, shoot pool, to shop, or for some other inconsistent personal purpose not incidentally germane *556 to the trip to the doctor's office  the result might be different. But here the record discloses no such unreasonable or extraneous deviation for a personal purpose. See Maroney, supra, and Wert v. Tropicana Pools, Inc. (Fla. 1973), 286 So.2d 1. The Maroney case is readily distinguishable. There, the deviation was for personal pleasure (drinking); there is no such evidence in the record herein. Here, the JIC, though postulating that claimant went by his home, was unable to couple it with any facts that even if he did it was for an unreasonable and irrelevant purpose.
Insubstantial deviations of the kind here involved should not preclude compensation in the absence of a clear showing that the deviation was unreasonable and unjustifiable under the circumstances. 1 Larson, Workmen's Compensation, Sec. 19.00. Compare N & L Auto Parts v. Doman (Fla.App. 1959), 111 So.2d 270.
We also find that taxation of the cost of the record on appeal against the employer-carrier is a necessary incident to our opinion herein. See Rule 3.16, F.A.R., 32 F.S.A., and Perez v. Carillon Hotel (Fla. 1973), 272 So.2d 488, receding from Parrott v. City of Fort Lauderdale (Fla. 1966), 190 So.2d 326. Therefore, we direct that on further proceedings below, claimant be reimbursed by the employer-carrier for his $70 contribution to preparation of the record on appeal.
Accordingly, the orders below are quashed with direction that further proceedings below accord herewith.
It is so ordered.
BOYD, McCAIN and OVERTON, JJ., concur.
ADKINS, C.J., and ROBERTS, J., dissent.