409 So.2d 190 (1982)
SUNSHINE JR. FOOD STORES, INC., and Morrison Assurance Company, Appellants,
v.
Fred THOMPSON, Appellee.
Nos. AC-416, AG-337.
District Court of Appeal of Florida, First District.
February 2, 1982.
C. Wes Pittman of Urquhart & Pittman, P.A., Panama City, for appellants.
Charles A. Wade, Fort Walton Beach, for appellee.
WIGGINTON, Judge.
Appellant seeks review of the deputy commissioner's order awarding Thompson temporary total disability compensation benefits for injuries sustained pursuant to an automobile accident that allegedly occurred in the course and scope of his employment. We must reverse.
At the time of the accident, claimant was a district manager for Sunshine Jr. Food Stores, Inc., and was in charge of ten stores in Okaloosa, Walton and Washington Counties located in West Florida. Included among claimant's responsibilities was occasional observation of the routine of store clerks working in his district. At 9:00 on the evening of the accident, claimant, joined by his two minor children, drove a short distance from his home to inspect Store Number 308, located on U.S. Highway 98, near Wynn Haven in Okaloosa County. He observed the store clerk from his parked car for a short period of time, then, becoming bored, proceeded to drive west to "kill time" until he could return to Store Number 308 to inspect the store after its closing at midnight.
Claimant drove west on Highway 98, leaving Okaloosa County and his district. He continued in the direction of Pensacola, planning to get gas and to kill about an hour and a half of time. In doing so, he entered Gulf Breeze, turned off U.S. 98 and crossed the toll bridge leading to Pensacola Beach in Escambia County. Claimant drove easterly, returning along Navarre Beach Road which parallels the Gulf of Mexico, and which would ultimately lead him to U.S. Highway 98. This deviation encompassed approximately 40 miles. However, before he returned to the main highway, claimant missed a turn and skidded into a roadway sign, causing the accident in question.
*191 The deputy commissioner held the accident to be compensable, finding that although the trip encompassed both business and pleasure, the predominant purpose for the trip involved business.
The deputy erred in awarding temporary total disability benefits to claimant. The injury suffered by claimant was noncompensable because it was not incurred within the course and scope of his employment.
It is the general rule in Florida that an employee who deviates from his employment to engage in a personal errand is not entitled to compensation for damages sustained in an accident occurring before he returns to the course he was pursuing in the interest of the employer. N. & L. Auto Parts Co. v. Doman, 111 So.2d 270 (Fla. 1st DCA 1959); Maroney v. Edward A. Kelly & Sons, Inc., 195 So.2d 208 (Fla. 1967); Concrete & Metal Form Erectors, Inc. v. Volkers, IRC Order 2-2706 (1973).
In N. & L. Auto Parts Co., claimant was a route salesman who, on the date of the injury, was registered for the night at a motor court, intending to call on customers of the company the next day. After refreshing himself, claimant called a taxi and drove to a nearby town to see a movie. Upon returning to the motel and after debarking from the cab, claimant walked along the driveway in the direction of his room. While walking across the lawn to reach his door, claimant's ankle turned and he fell, breaking his leg.
In holding this injury to be compensable, the court enunciated the general rule that "an employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than when there is a distinct departure for a nonessential personal errand." 111 So.2d at 271. If the facts should indicate a distinct departure, claimant would not be within the scope of his employment until he returned to the employer's place of business or point of departure. Id. at 272; see also Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495 (1940). The court stated that claimant deviated from the course of his employment when he drove into town to see a movie. Had he been injured while on this private mission, either going into town, or returning to the motel, such injury would not have been compensable. However, the court pointed out that claimant's deviation had been completed and had come to an end when he debarked from the taxi on his return to the motel. 111 So.2d at 272.
In the case now under consideration, claimant similarly deviated from the course of his employment when he elected to take a forty-mile joyride along Pensacola Beach in order to kill time. The cases relied on by the deputy commissioner and by claimant for the proposition that claimant's injury is compensable, as sustained during a trip bearing a predominant business purpose, are readily distinguishable from the instant case. In those cases, the injuries suffered by the claimants arose from activities which were directly linked to, or which bore a de minimis geographical deviation from a business purpose. Taylor v. Dixie Plywood Co. of Miami, Inc., 297 So.2d 553 (Fla. 1974); Zipperer v. Peninsular Life Ins. Co., 235 So.2d 473 (Fla. 1970); Scholastic Systems, Inc. v. LeLoup, IRC Order 2-2560, cert. denied with opinion, 307 So.2d 166 (Fla. 1975); Krause v. West Lumber Co., 227 So.2d 486 (Fla. 1969).
The workers' compensation act is remedial legislation and should be liberally construed to effectuate the purpose of its enactment. N. & L. Auto Parts Co., 111 So.2d at 272. However, granting compensation in the instant case, where claimant's deviation was so flagrant, would only serve to distort the purpose of the Act beyond reason and logic.
Accordingly, the award of temporary total disability benefits by the deputy commissioner is reversed.
LARRY G. SMITH and THOMPSON, JJ., concur.