ERVIN, Judge.
We reverse and remand the deputy commissioner’s order dismissing appellant and claimant Karl Gulliford’s claim for workers’ compensation benefits. His claim stems from a July 13, 1980 auto accident arising out of and in the course of his employment with Nikko Gold Coast Cruises, the appel-lee. The claim falls within the dual-purpose doctrine, an exception to the going and coming rule which routinely bars compensation.
Karl Gulliford worked as a tour bus dispatcher for Nikko Gold Coast Cruises, a Miami Beach tour company. In that position he was a “jack-of-all-trades,” dispatching tour buses, answering the phone, doing repair work on tour boats, handling problems with tour bus drivers, and assisting customers in making reservations. Also, for over three-and-one-half years, Gulliford had routinely performed an additional task, that of “taking the bank home” at night.
*589 Gulliford’s testimony reveals that each day between 2:15 and 3:00 p.m. he would empty the cash drawers used by the employer’s tour ticket sellers, lock the money in his car, work until 5:30 or 6:00 p.m., and take the money home for the evening. If Gulliford ever used his car at night, he would always lock the “bank” in a safe place in his home. The next morning he would take the “bank” back to work, so that the ticket sellers would have a ready supply of money on hand to make change for customers. Gulliford stated that he viewed this task as part of his job and considered himself to be the guardian of the money.
The “bank” regularly consisted of approximately $500. Because of the amount of money involved, Marvin Wildman, a former owner of Nikko Gold Coast Cruises, stated that he did not consider it safe to leave the “bank” at the ticket office over night. Hence, Wildman initiated the practice of having the claimant take the “bank” home each night. Wildman paid the claimant $100 per month as a car allowance primarily for the purpose of using his personal car to go out and assist a tour bus driver, if his bus broke down. Wildman also stated that the car allowance included payment for the cost of taking the “bank” home at night and bringing it back in the morning.
Approximately two weeks before claimant’s accident, Wildman sold his business to Jerry Faber. The new owner told Gulliford that until informed otherwise, his job would remain exactly the same. On the morning of July 13, 1980, Gulliford followed his normal route to work, first taking his wife to her worksite and driving on to Miami Beach with the “bank.” Unfortunately, he never reached his destination, because en route to his employer’s office he was involved in an auto accident.
Gulliford filed a claim for workers’ compensation, which was controverted by his new employer, Jerry Faber, who argued by affidavit that the only reason the claimant was driving at the time of the accident was to get to work, and that the claimant’s injury did not arise out of and in the course of his employment. The deputy commissioner agreed and dismissed the claim. We reverse and remand for consideration of the claimant’s benefits.
This case is controlled by the dual-purpose doctrine. Professor Larson explains the doctrine by noting:
Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had no [sic] coincided with the personal journey. This principle applies to out-of-town trips, to trips to and from work, and to miscellaneous errands such as visits to bars or restaurants motivated in part by an intention to transact business there.
1 Larson, Workmen’s Compensation Law § 18.00 (1978) (e.s.). The doctrine is consistent with Florida law as set forth by the Florida Supreme Court in Cook v. Highway Casualty Co., 82 So.2d 679 (Fla.1955), a workmen’s compensation case, wherein the claimant was injured in an auto collision. “So long as the business purpose is ‘at least a concurrent cause of the trip,’ ..., the employer may be held liable for workmen’s compensation.” Id. at 682.
We note that the Cook court specifically indicated that the dominant purpose of the trip was not necessarily required to be for a business purpose. Accord Davis v. Bert Friedman Court Reporting Service, 251 So.2d 129 (Fla.1971); Krause v. West Lumber Co., 227 So.2d 486 (Fla.1969). No inquiry need be made as to the relative importance of the trip’s business importance. Levine v. Builders Aluminum Stone Co., 186 So.2d 26, 28 (Fla.1966). All that need be determined is that the injury resulted due to a trip, a concurrent cause of which was a business purpose. Cook, at 682.[1]
*590 In the case at bar, the concurrent causes were: (1) the claimant’s personal act of driving himself and his wife to work, and (2) the business-related act of “taking the bank” to work. Professor Larson treats this type of situation as compensable.
§ 18.24 Carrying employment impedimenta to and from work
The mere fact that claimant is, while going to work, also carrying with him some of the paraphernalia of his employment does not, in itself, convert the trip into a part of the employment. For example, the mere fact that at the time of the accident the employee had with him some of the tools of his trade, such as a steamfitter’s hard hat, a pocket rule, and a level, all belonging to the employer, does not make the accident compensable. However, if it can be said that the transporting of the employment materials amounted to the performing of a business service of sufficient dimensions to bring it within the basic dual-purpose rule, in the sense that if the employee could not have combined this service with his going or coming trip, a special trip would have had to be made to accomplish the same business objective, the journey may be within the course of employment.
Larson, supra, § 18.24 at 4-247, 250-251 (e.s.).
Gulliford’s claim was undoubtedly dismissed due to the employer/carrier’s not unpersuasive argument and reliance upon the factually similar case of United States Fidelity and Guaranty Co. v. Rowe, 126 So.2d 737 (Fla.1961). In Rowe, claimant was ordered by her employer to take home $30 of fee money from a nursery and not to leave the funds at the nursery overnight. The supreme court found that none of the exceptions to the “going and coming” rule were applicable and denied compensation. However, Rowe does not control this case for two reasons.
First, Rowe is easily distinguished, because it involved the act of taking funds home on only one occasion, apparently without remuneration, and the task was not a regular job duty. In the case at bar, Gulli-ford routinely took the “bank” home, received compensation for this assignment, and had regularly carried out the task for quite sometime. The task was at a minimum impliedly a part of his contract of employment. As noted in Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla.1965):
“Generally it appears that the employer’s liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work.”
Once an obligation to furnish transportation is demonstrated, by whatever means satisfied, then “[t]he hazards of the highway [are] inherent” in the contract of employment and claims arising therefrom are compensable as arising out of and in the course of the employment.
Id. at 37 (e.s.) (footnotes omitted).
Second, the continuing viability of Rowe is in doubt. Rowe was announced in 1961. It seems somewhat in conflict with the dual-purpose doctrine advocated by the earlier Cook case, but we find that the concepts set forth by Cook have been adhered to much more closely in post-Rowe cases by this court and the supreme court. For example, in Krause, at 488, it was noted that “[a]n employee whose activities are serving a personal and business purpose is within the scope of the Workmen’s Compensation Act” (emphasis in original) (footnote omitted). See also Poinciana Village Construction Corp. v. Gallarano, 424 So.2d 762 (Fla. 1st DCA 1982). In Levine the court *591 stated that it would not even inquire into the relative importance of business and personal purposes of a trip, so long as a business purpose was at least a concurrent cause of the trip.
Based on the rule of law in Cook, Professor Larson’s treatment of the issue, and determinations by other jurisdictions finding this type of situation compensable,[2] we conclude that the deputy erred in dismissing Gulliford’s claim, effectively denying him compensation. The deputy commissioner’s order is REVERSED and this case is REMANDED for further consistent proceedings.
LARRY G. SMITH and SHIVERS, JJ., concur.

. We carefully distinguish troublesome language in one of our more recent cases. In Sunshine Jr. Food Stores v. Thompson, 409 So.2d 190 (Fla. 1st DCA 1982), a casual reference was made to the dual-purpose doctrine in an effort to distinguish away the claim *590 ant/appellee’s argument. This court noted: “The cases relied on by the deputy commissioner and by claimant for the proposition that claimant’s injury is compensable, as sustained during a trip bearing a predominant business purpose, are readily distinguishable from the instant case.” Id. at 191 (e.s.). It should be noted that Sunshine Jr. Food Stores should not be read as requiring a predominant business purpose under the dual-purpose doctrine which would conflict with Cook and its progeny. Rather, the Sunshine Jr. case merely notes that cases cited by the appellee involved factual situations with a predominant business purpose, and that the cases were distinguishable.

. See Kariger Motors, Inc. v. Kariger, 132 Ind. App. 85, 173 N.E.2d 916 (1961) (corp. officer normally depositing funds in the bank on his way to work was in the course of employment when he was fatally injured on the way home from work with funds to be deposited the next day); Cox v. Copeland Bros. Construction Co., 589 S.W.2d 55 (Mo.App.1979) (accident was compensable in case wherein claimant was killed in car accident on his way from home to job site with construction plans necessary to continuance of work that he had altered at home- the night before).