557 So.2d 953 (1990)
TAMPA AIRPORT HILTON HOTEL and Travelers Insurance Company, Appellants,
v.
Veulah HAWKINS, Appellee.
No. 89-2130.
District Court of Appeal of Florida, First District.
March 12, 1990.
Ellen H. Lorenzen of Whalen, Morlan, Lorenzen, House & Schaefer, Tampa, for appellants.
Stephen L. Rosen of Morris & Rosen, P.A., Tampa, for appellee.
ZEHMER, Judge.
The employer and carrier appeal a workers' compensation order that found that claimant's injuries in the automobile accident occurring on a trip from the employer's premises to claimant's home arose out of and in the course of her employment and thus were caused by a compensable accident. The judge of compensation claims found that this trip did not fall within the "going and coming" rule because the claimant, a banquet waitress who was on her way home after attending a special staff meeting at the employer's hotel well in advance of the normal time she was to report to work for her regular duties, was on a special trip for the benefit of the employer. The order recites:
4. Counsel for the parties have furnished several case citations for precedent, none of which are factually on point with the facts of this case, and research has not revealed any Florida authority that is factually on point. The Claimant relies on Krause v. West Lumber Co., 227 So.2d 486 (Fla. 1969); Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979); and Spartan Food Systems & Subsidiaries v. Hopkins, 525 So.2d 987 (Fla. 1 DCA 1988).
The Employer/Carrier relies on El Viejo Arco Iris, Inc. v. Luaces, 395 So.2d 225 (Fla. 1 DCA 1981) and Tampa Ship Repair and Dry Dock v. Young, 421 So.2d 706 (Fla. 1 DCA 1982).
While none of these cases are factually on point, most, if not all, indicate that Florida follows the rule set out in 1 A. Larson, The Law of Workmen's Compensation, s. 16.00 (1978). The rule as set out by Professor Larson is:

*954 "When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."
Professor Larson cites Edens v. New Mexico Health and Social Serv. Dep't., 89 N.M. 60, 547 P.2d 65 (1976), which is factually very similar to the case before us.
5. The Claimant in this cause was employed by the Employer as a banquet waitress, meaning that her duties were to serve at banquets that were held at the Tampa Airport Hilton Hotel. Her duties were primarily those of a waitress. At the Employer's request, she returned to the premises on 9/26/88 to attend a staff meeting called by the Employer. The purpose of this meeting was to allow the Management to go over procedure with the Employees, work out difficulties, etc. These meetings are scheduled by the Employer, at the Employer's convenience, and the Employees, absent a valid reason, are expected to be there. The Claimant was paid for the time she was there for the meeting, but not for the travel time. The accident occurred while the Claimant was on her direct route home from the meeting, and if the accident had not occurred, she would have been expected to be back to the Employer's premises at 4:00 P.M. for her regular job of working a banquet. If it were not for the meeting being called by the Employer, the Claimant would not have been to the Employer's premises and then back home until she was due to report to work.
6. I find that the primary reason for the meeting in question was for the benefit of the Employer. While it might be said that the Claimant would get some benefit from the meeting in the nature of making her work easier in some way, the primary purpose was to allow the Employer to work on better ways to serve its customers and to provide better service, thereby resulting in revenue and profit for the Employer. I find that the expense and inconvenience caused this Employee in having to go to the Employer's premises, a considerable distance, at a time in which the Employee would otherwise have been off, and the subjection of the Claimant to the hazards of this travel for the benefit of the Employer, was a "Special inconvenience and hazard" within the intent of this rule, making the travel itself an integral part of the service provided this Employer by this Employee, and that the accident in question arose out of and in the course of the employment with the Employer herein by application of the "Special Errand" exception to the going and coming rule.
We affirm. We agree that the Florida decisions have adopted the rule quoted from Larson and that the application of this rule in this case has not been shown to be clearly erroneous. Both Krause v. West Lumber Co., 227 So.2d 486 (Fla. 1969), and Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979), make it clear that whether a claimant's activity is covered by the going and coming rule or by the special errand exception is essentially a factual determination for the judge of compensation claims based upon a weighing of the factual considerations, and the judge's decision cannot be disturbed on appeal unless the record is lacking competent, substantial evidence to support the findings or the decision is clearly erroneous.
In Krause the judge of industrial claims ruled the claimant's accident arose out of and during the course of claimant's employment when, in accordance with directions from his employer, claimant was injured on the way from his home to his normal place of business to attend a sales meeting after his normal working hours. The Commission reversed the judge, holding that since the claimant's trip was "a *955 purely personal mission that had no connection with his employment ... [and was] for the convenience of claimant and his wife" (227 So.2d at 487), it was covered by the going and coming rule. The supreme court reversed the Commission's decision, commenting that the Commission had simply substituted its own findings of fact for those of the judge, and held:
Claimant in the case before us was returning to attend a sales meeting called by the employer for the employer's benefit. The fact that claimant's personal convenience was being served, as well as the interests of the employer, does not preclude recovery. An employee whose activities are serving a personal and business purpose is within the scope of the Workmen's Compensation Act.
227 So.2d at 488. The court cited Levine v. Builders Aluminum Stone Co., 186 So.2d 26 (Fla. 1966), in support of its holding. In Levine, 186 So.2d at 28, the court stated that unless the judge's findings of fact are clearly erroneous, they are binding on the reviewing appellate court.
Appellants contend that the record in the instant case does not contain competent substantial evidence to support the findings of the judge below and for this reason the judge misapplied the applicable legal precepts. They do not argue that the judge applied erroneous legal precepts in deciding the case; nor do they point to any Florida appellate decision involving the same operative facts that is directly contrary to the judge's determination in this case. In short, they do not present any argument that demonstrates the decision below is based on any error of law.
We are unable to agree with appellants' argument. There was evidence from which the judge could find that the purpose of the trip during which claimant was injured served a business purpose for the employer as well as the personal convenience of the claimant. For us to overrule the judge on this finding would amount to substituting our view of the facts for his, a practice soundly condemned in Krause. The Florida Supreme Court has made it quite clear that whether the business purpose or the personal purpose was the dominant one does not control the compensability issue; it is sufficient that the trip served the business purpose to some extent. Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002 (Fla. 1984); Krause; Levine. Appellants have not shown that the findings of the judge below are clearly erroneous. Regardless of how we might have viewed the evidence and been inclined to rule had we been the judge below, we are required by principles of appellate review to leave the judge's findings undisturbed in this case.
AFFIRMED.
SHIVERS, C.J., and JOANOS, J., concur.