SHIVERS, Judge.
The claimant appeals an order of the Judge of Compensation Claims (JCC) finding that the injuries sustained in an automobile accident are not compensable under workers’ compensation, as the accident did not arise out of, and in the course of, employment. The claimant, a used car salesman, had been instructed by his employer to return certain personal documents to their owner, a customer who had left those items at the car dealership. Although the claimant was not specifically told to make the delivery on Sunday, when the dealership was usually closed and when the accident occurred, the JCC found that “the claimant could have reasonably believed that was what he should do.” Competent substantial evidence was presented to support the finding that the process of delivering the customer’s driver’s license and insurance card constituted a special errand for the employer.
*816 After determining that the claimant was engaged in a business purpose, however, the JCC also found that the claimant substantially deviated from the employment purpose by driving five miles beyond the customer’s residence, thereby rendering the claim non-compensable. The finding of substantial deviation is not supported by competent substantial evidence and is in error. See Taylor v. Dixie Plywood Co. of Miami, Inc., 297 So.2d 553 (Fla.1974); Sanford v. A.P. Clark Motors, 45 So.2d 185 (Fla.1950); Cooper v. Stephens, 470 So.2d 852 (Fla. 1st DCA 1985).
Accordingly, this cause is reversed and remanded for further proceedings consistent herewith.
BOOTH and MINER, JJ., concur.