634 So.2d 707 (1994)
ELECTRONIC SERVICE CLINIC and Westfield Companies, Inc., Appellants,
v.
David BARNARD, Appellee.
No. 92-3895.
District Court of Appeal of Florida, First District.
March 15, 1994.
Rehearing Denied April 22, 1994.
*708 Rex A. Hurley and Scott B. Miller of Hurley & Rogner, P.A., Orlando, for appellants.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellee.
Mary Ann Stiles and Mitchell D. Franks of Stiles, Taylor & Metzler, P.A., Tampa, and Rayford H. Taylor of Stiles, Taylor & Metzler, P.A., Tallahassee, for amicus/Associated Industries of Florida.
PER CURIAM.
In this workers' compensation case, the employer/carrier (e/c) appeal an order of the Judge of Compensation Claims (JCC) which found that the injuries suffered by the appellee/claimant in an automobile accident were compensable due to the claimant's status as a "traveling employee," and due to the accident having occurred while the claimant was performing a "special errand." We affirm the finding of compensability based upon the special errand theory, without reaching the question whether the claimant could be deemed a traveling employee.
The claimant worked for appellant/employer as a TV repairman. On the morning of a typical workday, the claimant would drive the employer's van from his home in Valrico to the employer's shop in Bradenton. There, he would pick up a list of customers whom he would telephone to make appointments for the day's service calls. The claimant would then drive the employer's van to the customers' homes, where he would pick up, deliver or service their television sets. After making his last service call of the day, usually around 5 or 5:30 p.m., but sometimes as late as 6:30 or 7,[1] the claimant would go directly home to Valrico in the company van without returning to the shop in Bradenton.
February 4, 1992, was an unusual workday. The employer's van was being repaired, so the employer provided a rented automobile for claimant to drive to work and to make his service calls. Because the van had been out of service for some time, and the claimant could not deliver repaired sets in the rented car, a backlog had developed in delivery. Consequently, on February 4, the claimant left the rented car at the shop after driving to work, and then made his calls with a delivery person in the employer's delivery truck. This was the first time the claimant was accompanied by a coworker when making his service calls. The day also involved an unusually large number of calls, the last of which the claimant finished at 10:30 p.m.[2] Although the claimant's last service call was in Plant City, approximately 20 minutes from his home, claimant could not complete his day by driving home. Rather, the claimant and the coworker, on their way back to the employer's shop in Bradenton, stopped by claimant's house to inform his wife that he would be late. The men proceeded to the shop where the claimant dropped off his coworker and the delivery truck to begin the *709 drive home to Valrico in the rented car. On the way home, the claimant was seriously injured in an automobile accident. A claim for benefits was filed, which the e/c controverted based upon the "going and coming rule."[3] The JCC concluded, and we agree, that the claimant was engaged in a special errand at the time of the accident, which constitutes an exception to the going and coming defense.
Whether a claimant's activity is covered by the going and coming rule and is thus outside the course and scope of employment, or by the special errand exception and thus within the course and scope of employment, is essentially a factual determination for the JCC. The JCC's decision should not be disturbed on appeal unless the record is lacking competent substantial evidence to support the findings or the decision is clearly erroneous. Tampa Airport Hilton Hotel v. Hawkins, 557 So.2d 953, 954 (Fla. 1st DCA 1990).
At oral argument, the e/c correctly conceded that the claimant's trip to Bradenton did in fact constitute a special errand. However, the e/c argue that the errand ended once the claimant returned the truck, dropped off his coworker, and began driving home. In support, the e/c cite El Viejo Arco Iris, Inc. v. Luaces, 395 So.2d 225 (Fla. 1st DCA), rev. denied, 402 So.2d 611 (Fla. 1981). In El Viejo, the claimant was a plumber's assistant who was instructed to pick up plumbing supplies on his way home from work. The supplies, which were to be used the following day, were purchased at a store that was on the claimant's usual route home from work. After picking up the supplies and resuming his trip home, the claimant was injured in an automobile accident. This court concluded that the claimant was not entitled to compensation because, at the time of the accident, he had already completed the burden of performing the employer's instructions by picking up the plumbing supplies. Thus, the errand was complete, and the going and coming rule precluded compensability. Similarly, the e/c argue, the instant claimant had already completed the burden of the errand once the delivery truck and the coworker were dropped off at the employer's premises. We disagree.
The principle applied in El Viejo is a sound one that we have utilized in similar cases; thus, we have asked whether and to what extent the travel itself constitutes an integral part of the special service provided by the employee. See, e.g., Tampa Airport Hilton Hotel, supra. In El Viejo, the special service included, at most, the claimant's trip to the store to pick up supplies. Once the supplies were purchased, the claimant merely resumed his usual trip home that he would have made regardless of the special errand. In Tampa Airport Hilton Hotel, the service was the claimant's attendance at a special staff meeting at the employer's hotel, which required an additional trip to and from the hotel. There, we affirmed a JCC's finding that the expense and inconvenience of the journey, as well as the increased hazards involved, made the travel itself an integral part of the service provided by the claimant. Because the special errand performed by the instant claimant required an additional round-trip to the employer's premises, similar to that which was involved in Tampa Airport Hilton Hotel, we find that case more instructive than El Viejo.
The e/c's argument that the errand was complete once the tasks were performed, and their reliance upon El Viejo, suggests that the e/c have confused the attainment of the errand's objective with the more critical question of the completion of the errand's burden. Thus, in El Viejo, the claimant was deemed to have completed his special errand not because the objective had been accomplished once the supplies were purchased; indeed, one could argue that the objective was not accomplished until the claimant delivered the supplies to the jobsite the next *710 day. Rather, the errand was complete at the time of the purchase because the additional burden the errand placed upon the claimant had been performed at that time, and nothing remained but the claimant's resumption of his ordinary trip home. In the instant case by contrast, the burden of the errand included the lengthy round-trip, and the errand could not be deemed complete until the trip ended.
Accordingly, the JCC's order is AFFIRMED.
JOANOS, MINER and KAHN, JJ., concur.
NOTES
[1] The claimant was paid based on a forty hour week, and did not receive compensation for overtime.
[2] According to the employer, the claimant was not required to make all of the calls on his list, and it was permissible to reschedule some of the calls. However, the claimant explained that he felt obligated to make the calls after he had telephoned the customers on his list that morning to tell them that they would be visited.
[3] The "going and coming rule" has recently been codified:

An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
§ 440.092(2), Fla. Stat. (1991) (emphasis added).