ALLEN, Judge.
The claimant appeals a workers’ compensation order by which her claim for benefits was denied upon a finding that the claimant’s injury did not occur in the course and scope of her employment. We conclude that the judge misapplied the go *1206 ing and coming rule as codified in section 440.092(2), Florida Statutes, and that the claimant’s injury did arise out of and occur in the course and scope of her employment, as she was injured while on a special errand or mission for the employer.
The claimant is the medical staff manager and a nurse at the employer’s medical office, and her various duties include receiving patient calls. When the doctor is unavailable or out of town the claimant is the on-call contact person who monitors patient calls for prescription renewals and referrals to other doctors or emergency facilities. The employer’s medical office was closed while the doctor was on vacation, and the claimant took her own vacation during that time. However, the claimant was required to contact the employer’s answering service every day, and she continued to be responsible for handling patient calls.
Because the claimant would spend her vacation on a small island which did not have telephone service, the employer arranged for the rental of a cellular telephone on Great Abaco Island. The employer provided the funds for the lease of the phone, and the claimant had to complete the paperwork and obtain the phone on Great Abaco, thereafter using it for numerous patient calls and several prescription renewals during her stay on the small island. The claimant subsequently made the boat trip from the small island back to Great Abaco in order to return the phone. The claimant’s husband piloted the boat and attended to personal matters on Great Abaco while the claimant returned the telephone and made the necessary arrangements to conclude the transaction. The claimant and her husband thereafter began their return boat trip to the small island, but while they were leaving the harbor the boat crossed a wake from another vessel and the claimant was thrown from her seat and sustained injury.
In denying the claim the judge relied on section 440.092(2), which generally indicates . that an injury sustained while going to or coming from work does not arise out of and occur in the course of the employment unless the employee was engaged in a special errand or mission for the employer. Noting that the claimant was the employer’s regular on-call contact person and that she chose her own vacation destination, the judge found that the boat trip between the small island and Great Abaco was not a journey required by the employer. The judge further reasoned that once the claimant returned the telephone her employment duty ceased, and that she was no longer in the course and scope of her employment when injured while on the return trip back to the small island. However, this reasoning does not comport with a proper application of the going and coming rule as delineated in cases such as Electronic Service Clinic v. Barnard, 634 So.2d 707 (Fla. 1st DCA 1994), and Tampa Airport Hilton Hotel v. Hawkins, 557 So.2d 953 (Fla. 1st DCA 1990).
Although the claimant was the regular contact person, the trip between the small island and Great Abaco was a special errand or mission for the employer as it was an unusual and necessary component of the service by virtue of the arrangement which the employer made for the claimant to perform the on-call function while on vacation. As in Barnard and Hawkins, the burden of the journey and the attendant employment relation encompassed the round-trip back to the point of origin, and the injury which the claimant sustained while returning back to the small island thus arose out of and occurred in the course and scope of the employment.
The judge’s finding to the contrary is unsupported by any competent substantial evidence. The appealed order is reversed, and the case is remanded.
JOANOS and DAVIS, JJ., CONCUR.