82 So.2d 679 (1955)
Jane T. COOK, Individually and as Executrix of the Estate of Kenneth Cook, deceased, Petitioner,
v.
HIGHWAY CASUALTY COMPANY and Florida Industrial Commission, Respondents.
Walter T. ANDERSON, Petitioner,
v.
HIGHWAY CASUALTY COMPANY and Florida Industrial Commission, Respondents.
Supreme Court of Florida. Division A.
October 5, 1955.
B.F. Paty, Jr., and Paty, Downey & Paty, West Palm Beach, for petitioner.
Goble D. Dean and Brown, Dean & Hill, Miami, Rodney Durrance and Burnis T. Coleman, Tallahassee, for respondents.
ROBERTS, Justice.
We here review on certiorari two workmen's compensation claims that arose out of the same accident and were heard together in the proceedings below. The Deputy Commissioner awarded compensation to the claimants, but his orders were reversed by the Full Commission and the claims dismissed. The claimants have brought the record here for review pursuant to Section 440.27, Fla. Stat. 1953, F.S.A.
The claimants are Walter T. Anderson and Jane T. Cook, the widow of Kenneth Cook, deceased. Anderson and Cook were *680 officers and stockholders of Anderson Cook Company, Inc., a corporation whose business was municipal bonds, mutual funds, sales and promotion. They also performed "employee" services to the corporation as bond salesmen. Cook was killed and Anderson was injured when the automobile in which they were riding collided with a train while they were en route from their homes in West Palm Beach to the downtown area of that city. Their office was in Palm Beach. Anderson testified that, on the morning in question, he and Cook planned to go first to the office of their attorney in West Palm Beach to discuss a possible personal or corporate liability for a loss on bonds and to pick up some papers for use in a meeting in their own office in Palm Beach at 10:30 a.m. on the same matter. Their appointment at their attorney's office was set for 9:00 or 9:15 a.m. Anderson said that they also planned to go by the City Hall and the Courthouse in West Palm Beach to obtain information and pick up photostats in connection with their duties as bond salesmen. The accident occurred before they reached either destination.
The Deputy Commissioner found that their proposed visit to the attorney's office involved duties of an "executive" nature, but that "the trip to the business district of West Palm Beach also involved visits to the City Hall and the Palm Beach County Courthouse, in connection with their ordinary duties as bond salesmen, so that the trip was associated with the requirements of [their] work as * * * company employee[s]." He concluded that the accident arose out of and in the course of their employment and awarded compensation. In reversing the order the Deputy Commissioner, the Full Commission said:
"* * * We fail to see any substantial evidence pointing away from a conclusion that the trip was for the single purpose of visiting the lawyer. The mere possibility of doing other chores in town after the conference with the lawyer (a possibility remote in view of the limitations of time) does not stamp the trip as one made with a dual purpose. Further, there is nothing in the record to indicate that the deceased and Anderson would have made the trip to the City Hall and the Court House regardless of whether he (sic) made the trip to the lawyer's office."
This court has not had occasion heretofore to consider the question of the liability of an employer for workmen's compensation to an employee who is injured while on a "dual purpose" trip, that is, one which serves both a business and a personal purpose. The rule applied by the Commission was apparently the one formulated by Judge Cardozo in Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183, a decision which has been frequently cited by courts of other jurisdictions in determining employer liability in such a situation. Judge Cardozo said:
"We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * *"
In applying the rule of the Marks' Dependents case, supra, to dual purpose trips, some courts have decided the question on the basis of which of the two purposes  business and private  is the primary or "dominant" purpose of the trip. See Kaplan v. Alpha Epsilon Phi Sorority, 1950, 230 Minn. 547, 42 N.W.2d 342, for a discussion of the "dominant purpose" rule. And in Pohler v. T.W. Snow Const. Co., 1948, 239 Iowa 1018, 33 N.W.2d 416, and Butler v. Nolde Bros., Inc., 1949, 189 Va. 932, 55 S.E.2d 36, an order of the fact-finding body denying compensation was affirmed by the appellate court on the ground that the business purpose of the trip was incidental and subordinate to the private purpose. Other courts, in considering this problem, have not stressed the relative importance of the two purposes and have held that if the business purpose of the trip is a "concurrent cause" of the *681 trip, the employer is liable for compensation.
Thus, in Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So.2d 381, 390, 59 So.2d 294, the employee of a dry cleaning establishment went to the home of a customer for a concurrent business and personal motive  to pick up clothes for dry cleaning and to socialize with the lady of the house in a manner actively disapproved of by the lady's husband. The employee's widow was awarded compensation, and the Mississippi Supreme Court sustained the award, saying:
"We will not weigh these dual purposes and try to determine which was dominant. That approach, which in past experience had resulted in considerable confusion in compensation cases, has since been rejected by the better reasoned decisions. It is enough that Watts had a concurrent business and personal motive at the time of his injury."
And in Barragar v. Industrial Commission, 1931, 205 Wis. 550, 238 N.W. 368, 371, 78 A.L.R. 679, the Commission denied compensation on the ground that the primary purpose of the employee's trip was to get his wife and merely incidentally to check up on customers of his employer. The appellate court affirmed the Commission's order, but said that the application of the rule of the Marks' Dependents case "does not require or authorize the commission to weigh the motives and objects of the employer and employee for the purpose of ascertaining the most important or compelling cause as well as the secondary cause of the journey. It simply requires the commission to find that the service of the employer is at least a concurrent cause of the trip."
See also Martin v. Hasbrouck Heights Building Loan & Savings Ass'n, 1945, 132 N.J.L. 569, 41 A.2d 898, where the employee was killed while on the way home to eat dinner and to keep two business appointments scheduled at his home after dinner; Wineland v. Taylor, 59 Idaho 401, 83 P.2d 988, where the trip was made to eat supper and to report to a garage and work, if necessary; Anderson v. Kroger Grocery & Baking Co., 1949, 326 Mich. 429, 40 N.W.2d 209, where the employee was injured while returning to work after having been to a restaurant to have coffee and transact business in the restaurant; Spradling v. International Shoe Co., Mo. 1954, 270 S.W.2d 28, 32, where a salesman was killed outside his sales territory while on the way to another city to pick up his wife, after which they planned to travel to yet another city "to look for a home to further the interests of his employer and himself"; Brown v. Weber Implement & Auto Co., 1947, 357 Mo. 1, 206 S.W.2d 350, where the employee was killed while on the way home from a party late at night with his wife and another couple, at which party the employee had taken some business orders; Maryland Casualty Co. v. Stewart, Tex.Civ. App., 164 S.W.2d 800, where the employee was injured while on a trip with her son to another city, planning to solicit sales for her employer while there, even though no sales could be made because it was outside of her employer's credit territory; Knipe v. Texas Employer Ins. Ass'n, Tex. Civ.App. 1950, 234 S.W.2d 274, where employee was injured during his homeward trip on which he was also planning to deliver a message for his employer; and Hadfield v. American Society of Composers, Authors & Producers, 1953, 174 Pa. Super. 394, 101 A.2d 423, where employee, an investigator for ASCAP, was injured on his homeward trip, during which he might have made further investigations for his employer.
In each of the cases cited in the preceding paragraph, the Marks' Dependents case was referred to by the court in its decision, and in each of them the court refused to disturb an award made by the fact-finding body or official in favor of the claimant. In some of these cases, the court expressly found that "The inference [was] permissible that the trip would have been made though the private errand had been canceled;" in others, the court held merely *682 that the fact-finding body did not err in finding that the business motive was a concurrent cause of the trip. All of the courts held, in varying language, that the question of whether the employee was injured in the course of his employment was one of fact and that the conclusion of the fact-finding body on this question would not be disturbed if the evidence and inferences reasonably deducible therefrom were sufficient to sustain such finding.
We are persuaded that the decisions of those courts which do not require the Commission to weigh the business and personal motives and determine which is the dominant or compelling cause of the trip, are more consistent with the remedial purposes of our workmen's compensation act than is the more stringent rule of Marks' Dependents v. Gray, supra; and we agree with the Mississippi court that "`no nice inquiry' will be made to determine the relative importance" of a concurrent business and personal motive. Brookhaven Steam Laundry v. Watts, supra. So long as the business purpose is "at least a concurrent cause of the trip", Barragar v. Industrial Commission, supra, the employer may be held liable for workmen's compensation.
In the instant case, the Deputy Commissioner  the "fact finding" official under our decisions  found only that the trip "involved" a visit to the City Hall and Court House on the business of the employer. This is not the equivalent of a finding that the business purpose was a "concurrent cause" of the trip. The necessity for proper findings of fact was discussed by this court at length in Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503. Under all the circumstances here, we think the ends of justice would be best served by vacating the order of the Full Commission with directions that the cause be remanded to the Deputy Commissioner for his further consideration and the entry of proper findings of fact in the light of the opinions herein expressed.
The writ of certiorari is granted, and the order of the Full Commission is quashed with directions to require the Deputy Commissioner to proceed in accordance with this opinion.
DREW, C.J., and TERRELL and SEBRING, JJ., concur.