ROBERTS, Justice.
This is a workmen’s compensation case in which the deputy commissioner and the Florida Industrial Commission held successively that the claimant, Alpha Omega Rowe, the respondent here, was entitled to compensation under the Workmen’s Compensation Act, Chapter 440, Florida Statutes, F.S.A.
Respondent was employed by one of the appellants as a teacher in a nursery school. One of her duties was to act in a supervisory capacity during the absence on vacation of the regular supervisor and to collect certain nursery fees. On the Friday before the injury occurred, respondent had collected $30 in fees and had retained possession of the money, inasmuch as she had been instructed not to leave money at the school overnight. Respondent contends that she was carrying the money with her upon the requirement and instructions of her employer and therefore her claim for injuries suffered should be allowed.
The related questions here are whether the respondent’s injury arose “out of and in the course of employment”, within the meaning of Section 440.09, Florida Statutes, F.S.A., and whether the case falls within the exceptions to the “going and coming” rule which exempts an employer from liability under workmen’s compensation acts when the employee is going to and from his regular work. See Bowen v. Keen, 154 Fla. 161, 17 So.2d 706. In our opinion both of these questions must be answered in the negative.
“To shoulder industry with the burden of paying compensation to an injured worker there must be some causal connection between the employment and the injury.” See Glasser v. Youth Shop, Fla., 54 So.2d 686, 687, and cited cases. Here we see no causal connection whatever be *738 tween the fact that she was carrying money of her employer and the injuries she received when an automobile struck her on the street. She was taking no particularly hazardous risk, nor one that she would not have been otherwise taking, when carrying the money. She undoubtedly would have been returning on Monday morning to her job and the “journey would have gone forward” though she had had no money belonging to her employer. Her position as teacher and as acting supervisor was a job with more or less fixed hours, and there is no evidence that respondent was “on call” or that she was not a complete master of her time outside of those hours. We reaffirm the principles: (1) “The right to an award from the workmen’s compensation fund is dependent upon a causal connection of the injury sustained and the employment of the applicant, either through the activities, the conditions, or the environments of such employment” and (2) “The Constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employee in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways which are similarly encountered by the public generally”. See Industrial Commission of Ohio v. Baker, 127 Ohio St. 345, 188 N.E. 560; Industrial Commission of Ohio v. Gintert, 128 Ohio St. 129, 190 N.E. 400, 92 A.L.R. at page 1034. “There must necessarily be a line beyond which the liability of an employer cannot continue”. Schneider on Workmen’s Compensation Law, Vol. 1, 2d Ed., par. 266, p. 776, and cited reference. See also Arkin Construction Company v. Simpkins, Fla., 99 So.2d 557. If there can be recovery under the facts in this case, then there could be recovery in the case of any employee who carried about with him “any of the paraphernalia” of his employment, and who sustained an injury while absent for any reason from his work. We do not think that the Workmen’s Compensation Act contemplated such extensive coverage.
For the reasons stated the order under review is quashed and the cause remanded with directions to deny the claim.
It is so ordered.
HOBSON, Acting C. J„ and DREW and O’CONNELL, JJ., and WILLIS, Circuit Judge, concur.