DAVIS, Judge.
Mercedes Alpizar, claimant below, appeals a decision of the Judge of Compensation Claims denying temporary partial disability benefits for the period March 15, 1991, through April 29,1991; denying interest and penalties on an award of unpaid compensation benefits for the period April 29, 1991, through November 4, 1991; and denying wage loss benefits for the period November 4, 1991, through November 1, 1992. Total Image Beauty Salon and State Farm Fire & Casualty Company, the employer/carrier, have cross-appealed the award of temporary partial disability benefits for the period April 29, 1991, through November 4, 1991. Ms. Alpizar was injured in a compensable accident on February 14, 1991.
The e/c argue that Ms. Alpizar was not entitled to any temporary partial disability benefits for the period of April 29, 1991, through November 4, 1991, because of her failure to submit wage loss request forms. However, a thorough review of the record reveals no evidence that this argument was ever presented to the JCC. Therefore, the issue does not appear to have been preserved for appeal. See Robinson v. Shands Teaching Hospital, 625 So.2d 21, 23 (Fla. 1st DCA 1993). Accordingly, we affirm the award of benefits for the period of April 29, 1991, through November 4, 1991.
Ms. Alpizar has appealed the denial of interest and penalties on the benefits for the same time period. The JCC denied interest and penalties because of the claimant’s failure to submit her wage loss forms. We interpret this as a conclusion that the e/c were unable, for reasons beyond their control, to calculate the correct AWW without those forms. Ms. Alpizar was employed as a manicurist. She earned a base salary of $100 a week and tips of approximately $300 a week before her injury. E/C paid temporary disability benefits for this period calculated upon the $100 base salary, which was the information contained in Ms. Alpizar’s wage statement. Until Ms. Alpizar filed her claim for an adjustment of her AWW to account for her tip income, the e/c had no way to know the amount of that income. Under Florida Statutes, section 440.20(7) (1991), the e/c is not liable for interest and penalties when a nonpayment results from conditions beyond the control of the e/c. Accordingly, we affirm the denial of interest and penalties.
The Order of the JCC states that he denied wage loss benefits for the period November 4, 1991, through November 1, 1992, based upon claimant’s failure to submit job search forms. Ms. Alpizar argues that the JCC erred because she did in fact conduct an adequate job search. The e/c respond, correctly, that the JCC also found that Ms. Alpizar received but failed to return her *111 wage loss request forms. There is competent substantial evidence in the record to support this finding. A claimant may not be awarded wage loss benefits for a period in which no request form has been submitted. Old Cove Condo v. Curry, 511 So.2d 666 (Fla. 1st DCA 1987). Accordingly, we affirm the denial of wage loss benefits for the period of November 4, 1991, through November 1, 1992.
Finally, competent substantial evidence supports the conclusion of the JCC denying temporary partial disability benefits for the period of March 15, 1991, through April 29, 1991. Dr. Sanchez-Lopez released Ms. Alpizar to return back to work with no restrictions on March 2, 1991. She did not come under the care of Dr. Barrios until April 29, 1991. There was no evidence that the claimant’s injury had a direct causal connection to her decreased earnings after her return to work. Claimant’s decreased earnings appear to have been the result of economic conditions and not medical conditions. Therefore, the JCC was correct in stating that there was no medical testimony whatsoever to substantiate Ms. Alpizar’s entitlement to benefits in this interim period.
Accordingly, the decision of the JCC is AFFIRMED.
WEBSTER, J., concurs.
MINER, J., concurs in part and dissents in part.