654 So.2d 1280 (1995)
George HAGES, Appellant,
v.
HUGHES ELECTRICAL SERVICE, INC. and Liberty Mutual Insurance Co., Appellees.
No. 94-1344.
District Court of Appeal of Florida, First District.
May 22, 1995.
Bruce G. Howie of Piper & Ludin, P.A., St. Petersburg, for appellant.
John O. Strauss of McClain & Strauss, Tampa, for appellees.
PER CURIAM.
The claimant appeals a workers' compensation order in which the judge of compensation claims found that injuries the claimant sustained while traveling from work were not compensable. We conclude that the judge improperly applied section 440.092(2), Florida Statutes (1991), and reverse the order on appeal. It is therefore not necessary to address a second issue raised on appeal.
The claimant was employed as an electrician who made service calls for the employer. On February 6, 1991, the claimant was involved in an auto accident while driving home after his work day. He was driving a minivan which had the employer logo on the side. Although claimant's workday normally ended at 4:30 p.m., the claimant had left work a little earlier that day so that he could stop by his residence, leave the minivan, and drive his personal vehicle to an electrical class.
A hearing was held on the sole issue of whether the accident was compensable. The judge noted that the vehicle was owned by Mr. Hughes, not the corporation, and that Mr. Hughes allowed the claimant to drive the minivan to and from work so that the claimant could go directly to the job sites. The judge found that the claimant's use of the minivan did not serve or benefit the interests of the employer, Hughes Electrical Services, Inc., and that the facts did not suggest that *1281 claimant was acting in any way on behalf of the employer or doing any errand or mission for the employer. The judge concluded that because the claimant was just going home after work, he had not demonstrated an exception to the "going and coming" rule set forth in section 440.092(2), Florida Statutes (1991).
The findings that the claimant was not acting on behalf of the employer or doing any errand or mission for the employer at the time of the accident and that the claimant's use of the minivan did not serve or benefit the interests of the employer are not supported by the record. The corporation was operated from the personal residence of Mr. Hughes. When claimant began working for the employer, he would drive his personal vehicle to the residence of Mr. Hughes and then take one of three minivans to make service calls. The claimant began driving one of the minivans home after work because Mr. Hughes was made aware of an ordinance that prohibited parking the commercial vehicles at his residence. The vehicles had to be parked somewhere other than the residence/corporate office at night. Claimant's residence was selected for the convenience of the employer. Cf. D.C. Moore & Sons v. Wadkins, 568 So.2d 998 (Fla. 1st DCA 1990) (An employee's trips to and from his place of residence will always have a component of personal motive, but the courts do not weigh the relative importance of the personal motive versus the business motive. So long as the business purpose is at least a concurrent cause of the trip, liability of the Employer/Carrier may exist. To establish liability the inference must be permissible that the trip would have been made even if the personal motive was removed.)
The fact that the vehicle was owned by Mr. Hughes personally, rather than by the corporation, is irrelevant. The vehicle had the company logo on the side. The vehicle was not to be used by anyone other than the claimant and the claimant could not use the vehicle when not working. The employer's representative testified that the claimant would not have been permitted to drive the vehicle to the class he planned to attend. The claimant was required to keep a mileage record so that the employer could be certain that the claimant was not driving the vehicle for purposes other than work.
Reversed.
ZEHMER, C.J., BARFIELD, J., and SHIVERS, Senior Judge, concur.