PER CURIAM.
This appeal arises from an order of the Judge of Compensation Claims (hereinafter “JCC”) finding that Claimant’s accident was not compensable due to the going and coming rule. Finding no error by the JCC, we affirm.
On March 21, 1996, Claimant was seriously injured in a traffic accident while traveling to work. He was driving a truck provided by his employer, Appellee Carlton Wilbert Vault, Inc. Relying on Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla.1965), Claimant argues that because the employer retained title, the employer maintained control over the vehicle and Claimant could not, as a matter of law, have had “exclusive personal use,” as contemplated by Florida Statutes section 440.092(2).[1] We cannot agree.
*295 In the 1990 amendment to the statute, the legislature modified the Swartzer rule in the context of the going and coming rule. Under section 440.092(2), Florida Statutes (1990), it is a question of fact whether the employee has exclusive personal use of the vehicle. See Securex, Inc. v. Couto, 627 So.2d 595 (Fla. 1st DCA 1993). Here, there was competent, substantial evidence to support the JCC’s factual finding that Claimant had exclusive personal use of the employer-provided vehicle. Accordingly, we AFFIRM.
ERVIN, BOOTH and VAN NORTWICK, JJ„ concur.

. Section 440.092(2), Florida Statutes (1990), provides as follows:
GOING OR COMING. — An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.