942 So.2d 959 (2006)
Timothy D. WILCOX, Appellant,
v.
AG MART PRODUCE d/b/a Santa Sweets and St. Paul Travelers, Appellees.
No. 1D06-1280.
District Court of Appeal of Florida, First District.
November 28, 2006.
*960 Bill McCabe, Longwood, for Appellant.
C. Brad Drummond, Law Office of Jack D. Evans, Tampa, for Appellees.
PER CURIAM.
Claimant was injured in a motor vehicle accident while driving a company vehicle home from work on March 2, 2005. After a hearing, the Judge of Compensation Claims (JCC) denied benefits to claimant based on the going and coming rule, section 440.092(2), Florida Statutes (2005).[1] On appeal, claimant argues that the JCC erred in denying him compensation benefits for the following reasons: (1) the traveling employee exception to the going and coming rule, section 440.092(4), Florida Statutes (2005), precludes application of the going and coming rule on the facts of this case; (2) there is no competent substantial evidence in the record to support the JCC's finding that claimant was operating an employer provided vehicle available for his exclusive personal use, and therefore, the going and coming rule does not apply; (3) there is no competent substantial evidence in the record to support the JCC's finding that the dual purpose doctrine, an exception to the going and coming rule, is not applicable in this case. We affirm the JCC's compensation order, which denied benefits to claimant.

BACKGROUND
Claimant worked as a farm supervisor for Ag Mart Produce. When he was hired by the employer, claimant was given a company vehicle as part of his compensation package to drive to and from work, and for business purposes. Additionally, claimant was allowed to use the vehicle for personal use, except that claimant would have to get approval if he used the vehicle for "excessive personal use." The written personal use policy for the company vehicles provided the following: "While our vehicles are purchased solely for business purposes, we do allow employees to garage their company-owned vehicles at home. It has long been felt that this reduces our exposure to vandalism and provides better *961 access for our employees to their various work assignments."
Claimant's trial summary and memorandum of law, provided before the hearing, argued that the company vehicle was not for his exclusive personal use, and also that the dual purpose doctrine applied to preclude application of the going and coming rule. The dual purpose argument was based on claimant's allegations that the company received a benefit when he parked the vehicle at home.
Testimony was presented at the merits hearing relevant to the dual purpose doctrine. The president of the employer, Don Long, acknowledged the employer's written personal use policy for the company vehicles. However, Long also testified that the vehicle was given to claimant as part of his compensation package, and that there was no benefit to the employer by having the claimant take the vehicle home.
Additionally, testimony was presented regarding claimant's argument that he did not have exclusive personal use of the company vehicle. Claimant testified that he had the vehicle continually, and that the keys were in his possession 24 hours a day. However, he also testified that he did not drive the vehicle for personal use, except to and from home, and that other employees would drive the vehicle occasionally. Long testified that the employees could use the vehicles for incidental personal use, but that the employees must ask permission and fill out log forms for excessive personal use, such as vacations. Other evidence was admitted at the hearing that these logs did not exist and were never used.[2]
Claimant also presented testimony that, as part of his duties, he completed paperwork daily at home because he had no office on the farm. The paperwork had to be delivered to Fort Lonesome daily at 9 a.m. No other testimony was admitted at the hearing to controvert claimant's testimony regarding this required paperwork.
After the hearing, the JCC entered his compensation order, denying benefits. The JCC found that there was no business purpose to claimant's travel at the time of the accident, and therefore, the dual purpose doctrine was not applicable. The JCC also found that the employer's vehicle was available for the exclusive personal use of claimant. The JCC ultimately found that "[t]he claimant was in no different position on 3/2/05 than any other employee driving his own vehicle to or from work, therefore recovery of workers' compensation benefits is barred by F.S. 440.092(2), otherwise known as the going and coming rule."

ANALYSIS
Claimant's first argument is that the traveling employee exception, section 440.092(4)[3], should apply in this case to preclude application of the going and coming rule. This argument is based on facts established at the hearing that claimant had to complete paperwork at home on a daily basis, because the employer did not *962 provide him with a place to complete the paperwork at the farm. However, claimant failed to preserve this argument below.
Although claimant mentioned factually that he had to complete part of his work at home on a daily basis, he never connected this fact with the legal argument that the traveling employees exception applies in this case. In his trial summary and memorandum of law, claimant specifically argues the other two issues on appeal, that the company vehicle was not for claimant's exclusive personal use, and that the dual purposes doctrine applies in this case. However, claimant did not argue that the traveling employee exception barred application of the going and coming rule. Additionally, claimant failed to make this argument at the final hearing. Accordingly, claimant has failed to preserve this issue for appellate review. See Alpizar v. Total Image Beauty Salon, 650 So.2d 109, 110 (Fla. 1st DCA 1995) (providing that where an argument is not presented to the JCC, it is not preserved for appeal); Robinson v. Shands Teaching Hosp., 625 So.2d 21, 23 (Fla. 1st DCA 1993) (providing "[i]n workers' compensation appeals, as in appeals generally, issues which have not been raised below are treated as not preserved, and will not be addressed").
Claimant's second argument on appeal is that the going and coming rule does not apply in this case because there was no competent substantial evidence that the claimant had exclusive personal use of the company vehicle. The going and coming rule applies only where a claimant maintains exclusive personal use of the vehicle. See Securex, Inc. v. Couto, 627 So.2d 595, 597 (Fla. 1st DCA 1993). However, the JCC specifically found that claimant had exclusive personal use of the vehicle. Based on the evidence admitted at the hearing, the JCC specifically found that "personal use of the vehicle was allowed and was intended to be part of claimant's compensation." Additionally, the JCC found that there were "no practical restrictions on claimant's use of the vehicle" and that the employer "has made no effort to enforce [its personal use policy] or to monitor personal use of its vehicles in any meaningful way." Because these findings are supported by competent substantial evidence in the record, we will not disturb them on appeal.[4]
Claimant's third argument on appeal is that there is no competent substantial evidence to support the JCC's finding that the dual purpose doctrine is not applicable in this case. The dual purpose doctrine is an exception to the going and coming rule and provides that an employer is liable for workers' compensation benefits where an employee is injured during a trip "of a concurrent business and personal motive," "[s]o long as the business purpose is `at least a concurrent cause of the trip.'" Swartz v. McDonald's Corp., 788 So.2d 937, 945 (Fla.2001) (citing Cook v. Highway Cas. Co., 82 So.2d 679, 682 (Fla.1955)); see also Gilbert v. Publix Supermarkets, Inc., 790 So.2d 1057, 1059-60 (Fla.2001).
In its order, the JCC found that claimant did not have a dual purpose for his trip from work to home on March 2, 2005 because there was no business purpose to claimant's travel. This finding of fact is supported by competent substantial evidence.[5] The president of the employer, *963 Long, testified that the company vehicle was provided to claimant as part of his compensation package. When asked whether there was a benefit to the employer of claimant having his company vehicle at home, Long replied "no." Accordingly, this testimony provides competent substantial evidence that there was no dual purpose for claimant's trip home at the time he was injured. It is not the proper role of this court to reweigh the evidence presented below. Cape Canaveral Hosp., Inc. v. Nickell, 668 So.2d 219, 220 (Fla. 1st DCA 1996) ("The JCC sits as the finder of fact where the testimony is conflicting, and this court will not reweigh the evidence so long as the JCC's findings are supported by competent substantial evidence.").
The dissent argues that the JCC misconstrued the dual purpose doctrine, and that the JCC erred in inquiring as to whether claimant was required to drive the company vehicle home. However, prior decisions of this court and the Florida Supreme Court have examined whether the task was one mandated by the employer and other similar factors in applying the dual purpose doctrine. See Swartz, 788 So.2d at 949-50 (ruling that the claimant's transportation of the McDonald's company booth for use at a job fair had a dual purpose and noting that the claimant's transport of the booth "was sufficiently important to the operation of the job fair that it cannot be deemed a mere incidental benefit, especially in light of the repeated testimony regarding the mandatory nature of this employment responsibility"; noting that U.S. Fidelity & Guaranty Co. v. Rowe, 126 So.2d 737 (Fla.1961) continues to preclude recovery for employees who are "merely carrying tools of employment when injured and therefore, not performing a legitimate business purpose"); Hages v. Hughes Elec. Serv., Inc., 654 So.2d 1280 (Fla. 1st DCA 1995) (providing that the JCC's finding that the claimant was not acting on behalf of the employer at the time of the accident was not supported by the record where the claimant parked his company vehicle at his residence for the convenience of the employer because an ordinance prohibited parking the commercial vehicles at the employer's residence, out of which the business operated). Whether the employer required claimant to garage the vehicle at home or simply allowed him to do so was thus a relevant inquiry in deciding whether the trip had a business purpose. Accordingly, the JCC did not err on this basis.
Therefore, we reject all of claimant's arguments on appeal, and affirm the JCC's compensation order, denying benefits to claimant based on the going and coming rule.
AFFIRMED.
BARFIELD and POLSTON, JJ., concur;
ERVIN, J., concurs and dissents with opinion.
ERVIN, J., concurring and dissenting.
I concur with all issues decided by the majority except its affirmance of the portion of the order denying compensability of the injury, based on the finding by the judge of compensation claims (JCC) that the dual-purpose doctrine is, under the facts of the case, an inapplicable exception to the going-and-coming rule.
The facts, as they apply to this particular issue, were recited in the judge's order as follows:
3. Claimant was employed as a farm supervisor by the employer, the operator of at least four farms in the Wimauma, Florida area. The claimant resides in Zephyrhills, Florida.

*964 4. At the time of his hire claimant was provided with a Toyota Tacoma pick up truck to use in the performance of his job duties at the various farms operated by the employer and to drive to and from his home and work. The use of the employer's vehicle was made available to claimant as part of his compensation package. The claimant was also allowed to use the vehicle for other unspecified personal business; use of the vehicle for purposes which were unusual or unexpected, by the employee, was subject to approval by the employer.
* * *
6. The claimant was involved in a motor vehicle accident while driving employer's vehicle on Wednesday, 3/2/05. At the time of the accident claimant was on route from his work to the Balm Farm in the Wimauma area to his home in Zephyrhills. The claimant was stopped at a red light and was rear-ended by another vehicle.
Additionally, the record reflects that the employer had an established policy of permitting its employees to park company vehicles at their residential premises, because such policy "reduces our exposure to vandalism and provides better access for our employees to their various work assignments." In rejecting the application of the dual-purpose doctrine to the facts before him, the judge found as follows:
The claimant did not have a dual purpose for his trip from work to home on 3/2/05. There was no business purpose to the claimant's trip as existed in Hages v. Hughes Electrical Service, Inc., 654 So.2d 1280 (Fla. 1st DCA 1995). There is no evidence that claimant was required to drive the employer's vehicle to and from work. While the employer believes that garaging of its vehicles at the employee's home reduces the incidence of vandalism on its vehicles, there is no evidence that reduction of vandalism was the purpose of the trip on 3/2/05 or that reduction of vandalism was a "benefit" to the employer within the meaning of the term in Hages to thereby convert the personal purpose of claimant's trip to his home into a business purpose of furthering the employer's interest.
In my judgment, all of the reasons given to deny compensation, as further explained in this dissent, are either a misinterpretation of pertinent law, or not supported by competent, substantial evidence.
The JCC's order is unclear as to why he considered the Hages decision compelled a different result from that in the present case. The only substantial difference in the facts of the two cases is that in Hages, the employee was apparently required, for the convenience of the employer, to drive the vehicle home because of an ordinance prohibiting the parking of commercial vehicles at the employer's residence, whereas in the case sub judice no similar requirement was imposed. In this regard, the JCC's "finding" involves an interpretation of law, and we review that determination, not by the competent, substantial evidence standard, but rather de novo.
The current status of the law pertaining to the dual-purpose doctrine is that the affected party need show only the existence of both a business and personal purpose, not that the business component be the dominant purpose; it need only be a concurrent cause of the trip. Nor is there any requirement that evidence be presented showing that the employer ordered the employee to drive the vehicle to his or her home. The supreme court in Gilbert v. Publix Supermarkets, Inc., 790 So.2d 1057, 1059-60 (Fla.2001), summarized the applicability of the doctrine in the following terms:

*965 This Court first adopted the dual purpose exception to the "going and coming" rule in Cook [v. Highway Casualty Co., 82 So.2d 679 (Fla.1955)]. In determining whether the employees' workers' compensation claims were compensable, we opined that the inquiry should not assess whether the business purpose is the dominant or more compelling purpose. Rather, compensation should depend upon whether the business and personal purposes are concurrent. In so doing, we rejected the stringent test formulated in Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181 (1929), which inquired whether the employee would have still made the trip if the private errand had been canceled.
We reaffirmed and elucidated Cook in Nikko [Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002 (Fla.1984)]. In that case, the injured employee's job duties included taking money home from the cash drawers and returning it early the next morning so that the employer would have a ready supply of cash to begin the next business day. See Nikko, 448 So.2d at 1003. The former owner of the company admitted that he initiated this practice and compensated the employee for the cost of taking the cash home at night and bringing it back in the morning. See id. After the employee was involved in an accident en route to work one morning, the new employer contested his workers' compensation claim on the basis that the accident did not arise out of and in the course of his employment. See id. at 1003-04.
In determining whether the employee's claim was compensable, we concluded that Cook was controlling. In so doing, we distinguished Nikko from United States Fidelity and Guaranty Co. v. Rowe, 126 So.2d 737 (Fla.1961), which involved an employee who was injured in an accident while transporting nursery school fees. We noted that contrary to Rowe, the employee in Nikko had a clear understanding with his employer regarding the arrangements for safeguarding the money, performed a task that was essential to the employer's business, and received compensation for transporting the money. Consequently, Cook, not Rowe, was controlling. Although we noted that the circumstances in Nikko would have satisfied the more stringent Marks' Dependents rule, which requires an inference that the trip would have been made if the private errand had been canceled, we expressly stated that we had previously rejected this rule in Cook.

In our recent decision in Swartz v. McDonald's Corp., 788 So.2d 937 (Fla. 2001), we held that injuries sustained by an employee who was both traveling home and transporting materials necessary for her attendance at a function for her employer were compensable under the dual purpose doctrine. In so doing, we reaffirmed our previous decisions by holding that so long as both a business and personal purpose exist, the dual purpose doctrine is applicable, and the accident is compensable.

(Emphasis added.)
In my opinion, the JCC completely misconstrued the dual-purpose doctrine. The JCC should have simply determined whether the business and personal purposes of the employer and employee were concurrent purposes or goals at the time of the accident. In so deciding, the only relevant inquiry should have been whether the employer believed that the goal of reducing vandalism could be achieved by allowing its employees to drive its vehicles home; not whether it required them to do so, or whether such goal, as expressed in its policy manual, was in fact achieved. The JCC's finding that no evidence was *966 presented that reduction of vandalism was the purpose of the trip on the date of the accident lacks record support. The employer's policy directive established that purpose. If the judge meant by this finding that no evidence showed that the employee's particular act of driving the company-owned vehicle home on the date of the accident in fact achieved the goal of reducing the threat of vandalism, the judge erred as a matter of law. The term "purpose" does not mean that the objective expressed by the employer must be actually accomplished; it means, among other things, "an object or end to be attained." Merriam-Webster's Collegiate Dictionary 919 (10th ed. 1998).
Although the employer's president testified that no benefit ensued from the claimant's driving the company vehicle home, this testimony is in stark contrast to the company's own policy statement and, in my judgment, the employer should not be allowed to go behind it by stating the contrary. Additionally, the employer's testimony is unclear. Did he mean that the reduction of vandalism was in fact not attained as a result of claimant's parking the vehicle at his personal residence? If so, for the reasons previously stated in this dissent, such evidence is unnecessary. All that is required of the claimant is proof that the employer believed that it would benefit from claimant's garaging the vehicle, not that the goal of reducing vandalism be actually accomplished. In fact, the JCC specifically found in the order that the employer believed that the parking of vehicles would reduce the incidence of vandalism, which appears to be an implicit rejection of the employer's testimony.
Moreover, whether or not claimant was given the vehicle to drive as part of his compensation is immaterial because, as in Nikko Gold Coast Cruises, the employer also compensated the employee for using his vehicle for the goal of accomplishing a business purpose. Finally, there is nothing in the dual-purpose doctrine that precludes its application by reason of the claimant's being allowed to use the vehicle for a personal use. The dual-purpose doctrine itself contemplates the employee's personal use of the vehicle, as occurred in Nikko. Because the evidence clearly showed that the claimant's trip served both a business and personal purpose or goal, the JCC erred in concluding the contrary. I would therefore reverse as to this issue and remand the case for further proceedings.
NOTES
[1] Section 440.092(2), Florida Statutes (2005), provides:

An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
[2] This evidence was admitted by stipulation of the parties as to what claimant's supervisor would have testified to if he had been present at the hearing.
[3] Section 440.092(4), Florida Statutes (2005), provides:

An employee who is required to travel in connection with his or her employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of employment while he or she is actively engaged in the duties of employment. This subsection applies to travel necessarily incident to performance of the employee's job responsibility, but does not include travel to and from work as provided in subsection (2).
[4] Because this is a question of fact, the standard of review is whether there is competent substantial evidence to support the JCC's findings. Gulbrandsen v. Carlton Wilbert Vault, Inc., 742 So.2d 294 (Fla. 1st DCA 1998).
[5] Because this is also an issue of fact, the competent substantial evidence standard of review applies. See Gilbert, 790 So.2d at 1060.